IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY WILLIAM BROWN, | ) | No. C 12-0362 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION TO |
| | ) | RE-OPEN CASE; ORDER TO SHOW |
| | ) | CAUSE; DENYING MOTION FOR |
| vs. | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| | ) | |
| ANTHONY HEDGPETH, | ) | |
| | ) | (Docket Nos. 8, 11) |
| Respondent. | ) | |
| | ) | |

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a motion to stay and hold the proceedings in abeyance. On April 5, 2012, the court granted petitioner's request for a stay and administratively closed this case. On December 26, 2012, petitioner filed a motion to re-open the case, and on February 14, 2013, petitioner filed an amended petition. Accordingly, the court will GRANT petitioner's motion to re-open the instant action. The court further orders respondent to show cause why the amended petition should not be granted.

**BACKGROUND**

In 2008, petitioner was convicted of a 1979 first degree murder. Petitioner was sentenced to life without the possibility of parole. Petitioner's conviction and judgment were affirmed

1  through the state appellate process.  Petitioner also applied for post-conviction relief using the
2  state habeas process without success.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Cognizable Claims

As grounds for federal habeas relief, petitioner claims: (1) the application of Propositions 8 and 115 to his crimes, the denial of his "Hitch" application, and the use of Evidence Code 1108 violated the Ex Post Facto Clause; (2) petitioner's prosecution was brought outside the statute of limitations, violating the principles in Stogner v. California, 539 U.S. 607 (2003); (3) petitioner's due process rights were violated by the State's failure to preserve the vaginal wash evidence, and the trial court's allowance of the State to use the destroyed evidence at trial; (4) introduction of uncharged offenses violated petitioner's due process rights; (5) the jury instructions regarding the uncharged offenses violated petitioner's due process rights; (6) trial counsel rendered ineffective assistance; (7) the prosecution failed to establish a proper "chain of custody" for evidence, and the trial court erred in admitting testimony regarding that evidence; (8) the trial court's denial of petitioner's discovery request and exclusion of evidence of third party culpability violated petitioner's right to present a defense and/or right to due process; (9) appellate counsel rendered ineffective assistance of counsel; (10) the evidence was insufficient to convict petitioner of murder and the personal use of a weapon; (11) the exclusion of testimony from petitioner's preliminary hearing violated his right to present a defense and/or right to due process; (12) the prosecution violated Griffin v. California, 380 U.S. 609 (1965); (13) the

prosecution committed misconduct by mischaracterizing the definition of "reasonable doubt"; and (14) cumulative error renders the trial fundamentally unfair. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

However, petitioner's claim (Pet. at 136-139) that the taking of his blood and/or saliva samples violated the Fourth Amendment is not cognizable in federal habeas review. Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976) (barring federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims).

C.    Motion to Appoint Counsel

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Petitioner has thus far been able to adequately present his claims for relief. No evidentiary hearing appears necessary in this case, nor are any other extraordinary circumstances apparent. Accordingly, the court concludes that appointment of counsel is not necessary at this time. Petitioner's motion for appointment of counsel is DENIED without prejudice.

**CONCLUSION**

1.    The clerk shall lift the stay and administratively RE-OPEN this action. Petitioner's motion to appoint counsel is DENIED without prejudice.

2.    The clerk shall serve by mail a copy of this order and the amended petition (docket no. 12), and all attachments thereto upon the respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3.    Respondent shall file with the court and serve on petitioner, within **ninety**

1  **days** of the filing date of this order, an answer conforming in all respects to Rule 5 of the Rules
2  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
3  granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of
4  the state trial record that have been transcribed previously and that are relevant to a
5  determination of the issues presented by the petition.

6        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
7  court and serving it on respondent within **thirty days** of the filing date of the answer.

8        4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
9  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
10  2254 Cases within **ninety days** of the filing date of this order.  If respondent files such a motion,
11  petitioner shall file with the court and serve on respondent an opposition or statement of non-
12  opposition within **twenty-eight days** of the filing date of the motion, and respondent shall file
13  with the court and serve on petitioner a reply within **fourteen days** of the filing date of any
14  opposition.

15        5.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that
16  all communications with the court must be served on respondent by mailing a true copy of the
17  document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
18  change of address by filing a separate paper captioned "Notice of Change of Address."  He must
19  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
20  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

21        This order terminates docket nos 8 and 11.

22        IT IS SO ORDERED.
23  Dated: ÍĐHĐH               *Ronald M. Whyte*
                                    RONALD M. WHYTE
24                                      United States District Judge

Order Motion to Re-Open Case; Order to Show Cause; Denying Motion for Appointment of Counsel
G:\PRO-SE\SJ.Rmw\HC.12\Brown362reopen.wpd    4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WILLIAM BROWN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANTHONY HEDGPATH et al,<br><br>　　　　Defendant. | Case Number: CV12-00362 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 13, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy William Brown G-38339
Salinas Valley State Prison
A4-129-L
P.O. Box 1050
Soledad, CA 93960-1050

Dated: May 13, 2013

　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　By: Jackie Lynn Garcia, Deputy Clerk